UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
CHRISTOPHER A. MOORE and        )
MARY LOU MOORE ESTATE,          )
            Plaintiffs,         )
                                )
            v.                  )
                                )   C.A. No. 05-10853-MLW
                                )
10 TEMPLE PLACE LIMITED         )
PARTNERSHIP, et al.,            )
            Defendants.         )
```

MEMORANDUM AND ORDER

For the reasons set forth below, Christopher Moore's Application to Proceed Without Prepayment of Fees is denied without prejudice. If Mr. Moore submits a new, fully-completed Application to Proceed Without Prepayment Fees or pays the $250 filing fee, he shall also file a detailed statement concerning the Estate of Mary Lou Moore.

BACKGROUND

Christopher A. Moore, administrator of the estate of his mother, Mary Lou Moore, filed a civil rights complaint[1] naming as plaintiffs both himself and the Mary Lou Moore Estate ("the Estate"). The complaint consists primarily of a recounting of events surrounding the arrival of a new management company for Ms. Moore's subsidized housing and culminating in the involuntary hospitalization of Ms. Moore at the New England Medical Center.

_____

[1]This action is brought pursuant to Sections 1981 and 1982 of the Civil Rights Act of 1866; Title VI of the Civil Rights Act of 1964; and Section 504 of the Rehabilitation Act of 1973. See Compl., ¶ 21.

With the complaint, Mr. Moore filed an Application to Proceed Without Prepayment of Fees.[2]

<u>DISCUSSION</u>

I.   <u>Christopher Moore's Fee Waiver Application</u>

A party filing a civil action in this Court must either (1) pay the $250 filing fee for civil actions or (2) seek to be granted <u>in</u> <u>forma</u> <u>pauperis</u> by filing an application to proceed without prepayment of the filing fee.  <u>See</u> 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings <u>in</u> <u>forma</u> <u>pauperis</u>).

Christopher Moore's Application to Proceed Without Prepayment of Fees is denied without prejudice, because he has made an insufficient showing that he lacks funds to pay the filing fee.  Although Mr. Moore indicates that he is not employed and was last employed in 1999 earning $25,000 during six months employment, he indicates receipt of monthly rental income from tenants and owns property totaling $183,000, including a house and car.  He fails to provide specific information as to the amount of equity in his home, nor does he provide information as to any other assets, if any.  Thus, based on the current disclosures, this Court finds he has not demonstrated that he is without sufficient funds to pay the filing fee.  Although, he

---

[2]The Court notes that the right to proceed in forma pauperis is linked to the limitation on self-representation.  <u>Rowland v. Cal. Men's Colony</u>, 506 U.S. 194 (1993)

states that he declared bankruptcy last year, see Question No. 5,
Moore fails to disclose specific details that would impact the
Court's determination regarding his eligibility for in forma
pauperis status.

In view of the above, the Application to Proceed Without
Prepayment of fees is denied without prejudice.  Mr. Moore may
submit a new Application to Proceed Without Prepayment of Fees
and Affidavit and include in that application a more detailed
financial statement.  If Moore resubmits his application, he must
do so contemporaneously with the filing of a response to this
Memorandum and Order as set forth herein.

II.  Failure of the Estate to Appear Through Counsel

Here, Mr. Moore seeks to represent the estate of his mother,
Mary Lou Moore, and there are no allegations that Mr. Moore is an
attorney.  Although Title 28 U.S.C. § 1654[3] permits persons to
proceed pro se, as a general rule, a plaintiff who is not an
attorney may only represent himself, not any other party.  See
Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994) ("an
individual who is not an attorney admitted to practice in this
court cannot be allowed to represent any other person, any class,
or other legal entity."); L.R. 83.5.3(c) ("A person who is not a

---

[3] Section 1654 states in pertinent part that "[i]n all
courts of the United States the parties may plead and conduct
their own cases personally or by counsel as, by the rules of such
courts, respectively, are permitted to manage and conduct causes
therein."  28 U.S.C. § 1654.

member of the bar of this court. . . . will be allowed to appear
and practice before the court only in his own behalf.").

Although not yet directly addressed by the First Circuit,
other circuits have interpreted Section 1654 as prohibiting a
non-attorney administrator of an estate from proceeding pro se
when there are other beneficiaries or creditors of the estate.
See Shepherd v. Wellman, 313 F.3d 963, 970-71 (6th Cir.
2002)(claim cannot be brought on behalf of the decedent's son
because he is not the sole beneficiary of the decedent's estate);
Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997)
(administratrix of estate not permitted to represent the estate
pro se when the estate has beneficiaries or creditors other than
the litigant); see also Iannaccone v. Law, 142 F.3d 553, 558 (2d
Cir. 1998)("[B]ecause pro se means to appear for one's self a
person may not appear on another person's behalf in the other's
cause."); Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348
(8th Cir. 1994) (non-lawyer trustee has no right to represent
another entity in federal court); C.E. Pope Equity Trust v.
United States, 818 F.2d 696, 698 (9th Cir. 1987) ("A trustee may
not claim that his status as trustee includes the right to
present arguments pro se in federal court."); Cf Jones ex rel.
Jones v. Correctional Medical Services, Inc., 401 F.3d 950 (8th
Cir. 2005) (held that the non-attorney administrator of a probate
estate committed the unauthorized practice of law by bringing an
action on behalf of the estate without obtaining legal

4

representation); <u>McCants v. Village of Broadview</u>, No. 93-C-3657, 1994 WL 117478, at *2 (N.D. Ill. Mar. 28, 1994) ("[a]n estate by its very nature cannot represent itself and, therefore, must be represented by a licensed attorney, regardless of the relation between the administrator and the decedent.  To permit an unlicensed lay administrator to appear pro se would be to permit the unauthorized practice of law.").

Here, there is insufficient information to adequately assess whether Mr. Moore is an attorney, and if not, whether he must obtain counsel to litigate on behalf of the Estate. Specifically, it is unclear whether Mr. Moore is a beneficiary of the Estate, whether there are other beneficiaries, and whether there are any creditors involved.  Accordingly, Mr. Moore shall file a detailed statement concerning the Estate of Mary Lou Moore to enable this Court to determine whether Mr. Moore may represent the Estate.

<u>CONCLUSION</u>

ACCORDINGLY, Mr. Moore's application to proceed without prepayment of fees is DENIED without prejudice.  If Mr. Moore wishes to proceed with this action, he shall, within 35 days of the date of this Order, (1) submit a new, fully completed application to proceed without prepayment of fees and (2) submit a detailed statement concerning the Estate.  If Mr. Moore fails to submit a new application or detailed statement concerning the Estate, this action will be dismissed without prejudice.  The

Clerk shall send plaintiff an Application to Proceed Without Prepayment of Fees.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>11th</u> day of <u>October</u>, 2005.

<u>/s/ Mark L. Wolf</u>
MARK L. WOLF
UNITED STATES DISTRICT JUDGE