UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 NOV 16  P 4:38

U.S. DISTRICT COURT
DISTRICT OF MASS.

Christopher A. Moore        )
    Plaintiff              )
                           )
MARY LOU MOORE ESTATE       )
    Plaintiff              )
                           )
V.                          )    CIVIL ACTION
                           )
10 TEMPLE PLACE LIMITED     )
PARTNERSHIP, et al          )    NO:05-10853-MLW
    Defendants             )

RESPONSE TO MEMORANDUM AND ORDER (10/11/2005)

1.  Attached is a completed "Application to Proceed
    without Prepayment of Fees."

2.  Plaintiff receives $760.00 month, $9,120 annually
    from rental income.

3.  The income Plaintiff receives is well below the
    federally established poverty level.

4.  The Plaintiff declared bankruptcy which was allowed
    last year. However all federal state and local taxes
    were not discharged in Bankruptcy court.

5.  The City of Boston filed a complaint in Land Court
    for back real estate taxes on 10/05/2001. That tax
    taking was stayed by the bankruptcy filing. After the
    bankruptcy was discharged, the City began the tax
    taking on 08/19/2005. A "finding" was issued on
    09/08/2005 in favor of the City of Boston.

6.  Plaintiff was allowed to "redeem upon payment to the
    City of Boston for the amount of $11,647.07 by
    11/07/2005.

1

7.  Plaintiff agreed to enter into a payment arrangement with the city of Boston in order to forestall the city auctioning the plaintiff's home. The payment schedule calls for quarterly payments of $2967.81.

8.  The Plaintiff owes money to the Boston Water and Sewer Commission of approximately $3,000.00 which was not discharged in bankruptcy. That case is presently in Land Court and will require a similar payment agreement.

9.  The Plaintiff has regular obligations including homeowner's insurance of 1,600 annually.

10. The Plaintiff has regular utility bills (gas, telephone) as well as living expenses.

11. Payment of the real estate taxes alone, $11,871.27 (notwithstanding other fees, taxes and obligations) already exceed plaintiffs income, $9,120.00, leaving a sizable negative income.

12. The Plaintiff does not have the means to pay the fees for the filing of the court complaint and respectfully asks the court to waive the filing fees.

MARY LOU MOORE ESTATE

13. Mary Lou Moore Estate has no assets except for furniture and clothing valued at a few hundred dollars.

14. Christopher Moore is the administrator of the Mary Lou Moore Estate. Christopher Moore is also the son of Mary Lou Moore.

15. Christopher Moore has two brother and two sisters, all of whom assented in Probate Court to Christopher Moore's appointment as administrator of the Mary Lou Moore Estate.

2

16.   Based on the reading of the 10/11/2005 "Memorandum
      and Order" Christopher Moore, as administrator, is
      prepared to have an attorney represent the Mary Lou
      Moore Estate in this complaint.

17.   Because of important timing issues, Plaintiff
      Christopher Moore needs to keep this complaint active
      even as the sole plaintiff, if necessary.

18.   Consequently, if the court so orders;

   a.    the Mary Lou Moore Estate can be removed as a
         party to this action, at this time, or;

   b.    the Mary Lou Moore Estate can be allowed to
         continue with the proviso/understanding that an
         attorney will be appointed to represent the
         interest of the estate.


Respectfully Submitted

_____
Christopher A. Moore
Plaintiff


Respectfully Submitted

_____
Christopher A. Moore
Administrator
Mary Lou Moore Estate


The following documents are associated with this filing:
1)   Application to proceed without prepayment of fees
2)   Copy of Land Court Finding


3

TAX TITLE #01-2146

## LAND COURT

## DEPARTMENT OF THE TRIAL COURT



## TAX LIEN CASE NO.: 126226

### City Of Boston

vs.

### Christopher A. Moore

## FINDING

In this case, upon representation by counsel for the plaintiff that the amounts set forth herein are those due and necessary to cover the requirements of law, the Court finds that the above defendant(s) may redeem upon payment to the plaintiff, on or before 11/07/2005, the sum of $11,647.07 plus interest, ~~and legal fees in the amount of $500.00~~ *Waived - DJP*, as allowed by statute from the date of this Finding to the date of payment, and Land Court costs in the amount of $233.88 .

Deborah J. Patterson
Recorder

Dated: September 8, 2005

%AO 240  (Rev. 10/03)

# UNITED STATES DISTRICT COURT

_____ **District of** _____

CHRISTOPHER A. MOORE
       Plaintiff

V.

10 Temple Place Limited
Partnership, et al
      Defendant

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

CASE NUMBER: C A · NO.  05-10853 - MLW

I, _CHRISTOPHER  A.  MOORE_  declare that I am the (check appropriate box)

☑ petitioner/plaintiff/movant        ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs
under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief
sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.   Are you currently incarcerated?     ☐ Yes     ☑ No     (If "No," go to Part 2)

If "Yes," state the place of your incarceration _____

Are you employed at the institution? _____ Do you receive any payment from the institution? _____

Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months'
transactions.

2.   Are you currently employed?     ☐ Yes     ☑ No

   a.   If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name
and address of your employer.

   b.   If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages
and pay period and the name and address of your last employer.
June 30, 1999   Framingham Civic League   214 Concord Street
Framingham MA  $ 25,000  - 6 months

3.   In the past 12 twelve months have you received any money from any of the following sources?

| | | Yes | No |
|---|---|---|---|
| a. | Business, profession or other self-employment | ☐ Yes | ☑ No |
| b. | Rent payments, interest or dividends | ☑ Yes | ☐ No |
| c. | Pensions, annuities or life insurance payments | ☐ Yes | ☑ No |
| d. | Disability or workers compensation payments | ☐ Yes | ☑ No |
| e. | Gifts or inheritances | ☐ Yes | ☑ No |
| f. | Any other sources | ☐ Yes | ☑ No |

If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the
amount received and what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)

Rent from Tenants $ 760.00 a month

4. Do you have any cash or checking or savings accounts?   ☑ Yes   ☐ No

   If "Yes," state the total amount. Apprx 300.00

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?   ☑ Yes   ☐ No

   If "Yes," describe the property and state its value.

   Home    180,000
   Cars     3,000
   (Declared Bankruptcy last year)

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

I declare under penalty of perjury that the above information is true and correct.

11/11/2005
_____
Date

_____
Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.