```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

CHRISTOPHER A. MOORE and        )
MARY LOU MOORE ESTATE,          )
          Plaintiffs,           )
                                )
     v.                         )    C.A. No. 05-10853-MLW
                                )
10 TEMPLE PLACE LIMITED         )
PARTNERSHIP, et al.,            )
          Defendants.           )
```

MEMORANDUM AND ORDER

For the reasons set forth below, Christopher Moore's Application to Proceed Without Prepayment of Fees is granted and the clerk will be directed to issue summons for service of the complaint. Additionally, Mr. Moore cannot represent the Mary Lou Moore Estate in this action and this Court will require the Estate to obtain an attorney.

BACKGROUND

Christopher A. Moore, administrator of the estate of his mother, Mary Lou Moore, filed a civil rights complaint[1] naming as plaintiffs both himself and the Mary Lou Moore Estate ("the Estate"). The complaint consists primarily of a recounting of events surrounding the arrival of a new management company for Ms. Moore's subsidized housing and culminating in the involuntary hospitalization of Ms. Moore at the New England Medical Center.

---

[1]This action is brought pursuant to Sections 1981 and 1982 of the Civil Rights Act of 1866; Title VI of the Civil Rights Act of 1964; and Section 504 of the Rehabilitation Act of 1973. See Compl., ¶ 21.

With the complaint, Mr. Moore filed an Application to Proceed Without Prepayment of Fees.[2]

By Order dated October 11, 2005, Mr. Moore's fee-waiver application was denied and he was directed to file by November 15, 2005, (1) a new, fully completed application to proceed without prepayment of fees and (2) a detailed statement concerning the Estate.  See Docket No. 4.

On November 16, 2005,[3] Mr. Moore filed his reply to this Court's October 2005 Order.  See Docket No. 6.

## DISCUSSION

Upon review of Mr. Moore's Response, I find that he has made a sufficient showing that he lacks funds to pay the filing fee. Therefore, his Application to Proceed Without Prepayment of Fees will be granted and the Clerk will be directed to issue summons with all costs of service to be paid by the United States.

Mr. Moore's Response reveals that although he is not an attorney, his four siblings assented in Probate Court to his appointment as administrator.  See Docket No. 5.  Mr. Moore states that he is "prepared to have an attorney represent the

---

[2]The Court notes that the right to proceed in forma pauperis is linked to the limitation on self-representation.  Rowland v. Cal. Men's Colony, 506 U.S. 194 (1993)

[3]Although Mr. Moore's Reply and new fee-waiver application were filed one-day after the November 15th deadline, the Court will not deny the application as untimely.  The Court notes that the fee-waiver application is signed and dated November 11, 2006.

2

Mary Lou Moore Estate in this complaint." Id.

## ORDER

Based upon the foregoing, it is hereby

ORDERED, Mr. Moore's application to proceed without prepayment of fees is GRANTED; and it is further

ORDERED, the Clerk issue summons for service of defendants; and it is further

ORDERED, the United States marshal serve a copy of the complaint, summons and this order upon the defendants as directed by Mr. Moore with all costs of service to be advanced by the United States; and it is further

ORDERED, that the claims of the Mary Lou Moore Estate will be dismissed without prejudice unless a lawyer enters an appearance on behalf of the Estate within seventy-two (72) days from the date of this Memorandum and Order.

SO ORDERED.

March 14, 2006         /s/ Mark L. Wolf
DATE                   MARK L. WOLF
                       UNITED STATES DISTRICT JUDGE