```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

CHRISTOPHER A. MOORE and        )
     Plaintiff                  )
                                )
     v.                         )   C.A. No. 05-10853-MLW
                                )
10 TEMPLE PLACE LIMITED         )
PARTNERSHIP, et al.             )
     Defendant                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.

Pro se plaintiff Christopher Moore requests that the court appoint a lawyer to assist him in his civil suit. For the reasons discussed in this Memorandum, the request for an appointed lawyer is being denied without prejudice.

"There is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). While the court may request an attorney to represent any person unable to afford counsel, 28 U.S.C. 1915(e)(1), a plaintiff who wishes a more significant intervention – an appointment of counsel – must demonstrate "exceptional circumstances." Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986). The factors the court considers in appointing counsel include "the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; the complexity of the factual and legal issues involved; and the capability of the indigent litigant to present

the case." Id. at 3 (citations omitted).

The plaintiff's complaint presents nothing to suggest that this action is legally or factually complex. Morever, this is one of several cases that the plaintiff is pursuing in this court. In each, he has filed extensive complaints, demonstrating his ability to investigate and pursue this case. As such, the motion to appoint counsel is being denied without prejudice.

The court may reconsider this ruling if the legal or factual issues become more complex or if plaintiff demonstrates that a lack of counsel sufficiently weakens the plaintiff's ability to investigate and develop the relevant facts so as to constitute an "exceptional circumstance."

Accordingly, it is hereby ORDERED that Plaintiff's Motion For Appointment Of A Lawyer, (Docket No. 12), is DENIED without prejudice.

                                                            /s/ Mark L. Wolf
                                                         UNITED STATES DISTRICT JUDGE